VALENTINE CORBET, as President of the Kirrweiler Kranken Unterstutzung Verein of New York, Plaintiff-Appellant, *v.* UNION DIME SAVINGS INSTITUTION, Defendant-Respondent.

(Supreme Court, Appellate Term, April, 1910.)

Appeal — Decision — Dismissal, abandonment or withdrawal of appeal — Matters occurring subsequent to taking of appeal as ground of dismissal — Resettlement of order appealed from.
Discovery and inspection — Inspection of books, papers and premises — Procedure — Photographic copies.

Where an order has been resettled, an appeal from the original order will be dismissed.

Where, in an action to recover a bank deposit, there is an issue raised as to whether or not certain drafts paid by the defendant were forged, the plaintiff will be permitted to make photographic copies of the drafts so that the question of forgery may be determined upon the trial without undue delay or danger of surprise to either party.

*Semble,* where handwriting is photographed and copies thereof are sought to be used as evidence, the accuracy of the reproduction must be established before the photographs can be admitted in evidence or testimony based upon them can be received.

Supreme Court, Appellate Term, April, 1910.    [Vol. 67.

APPEAL by plaintiff from an order of the City Court of the city of New York granting leave for inspection but denying leave to make photographic copies of certain papers and also from an order modifying said order.

John Manheimer, for appellant.

Ritch, Woodford, Bovee & Butcher (C. N. Bovee, of counsel), for respondent.

SEABURY, J.   Plaintiff appeals from so much of an order as denies him permission to make photographic copies of certain drafts upon which the defendant paid out moneys deposited with it.   The order appealed from granted the plaintiff permission to inspect and make copies of the drafts.

The second order appealed from is the same as the first, except that it specified the time when such inspection should be made.   This latter order was a resettlement of the first order and is the only order which is now properly before us for review.

This action was brought to recover $940.20, alleged to be the amount of a deposit made with the defendant, with the interest due thereon.   The defendant claims that the amount deposited by the plaintiff, less $90.70, has been withdrawn upon the presentation of certain drafts authorized by the plaintiff.   The petition for leave to take photographic copies of these drafts alleges that they were forged.   In view of the fact that the issue to be litigated in this cause is whether or not these drafts were forged, we think that the plaintiff should not be limited to an inspection and written copy of the drafts, but he should be permitted to make photographic copies of them.   Photographic copies of these drafts will facilitate the plaintiff in the preparation of its case for trial and can in no way prejudice the rights of the defendant.

In all cases where handwriting is photographed and these photographs are used as evidence, proof must be presented to establish the accuracy of the reproduction before such photographs can be admitted in evidence or testimony based upon them received.   Wigmore Ev., § 797.

· The rights of the parties in this respect can be guarded upon the trial of the action; and we think that no good reason exists why the plaintiff should not be permitted to make photographic copies of these drafts before trial, so that the issue as to whether these drafts were forged may be determined upon the trial without undue delay or danger of surprise to either party.

The appeal from the original order is dismissed, without costs. The second order appealed from is modified so as to give the plaintiff leave to take photographic copies of the drafts upon two days' notice to the defendant and, as modified, is affirmed, without costs.

LEHMAN and PAGE, JJ., concur.

Appeal from original order dismissed; second order modified.